UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

ILIAMNA LAKESHORE
CONDOMINIUMS, LLC,

Debtor.

Case No. A10-00440-DMD
Chapter 11

Filed On
7/9/10

### MEMORANDUM ON AUTOMATIC STAY AND PROPOSED SALE

Lake Iliamna is a large lake located southwest of Anchorage. It is not connected to any road system. Access is limited to air transportation. At some time during the 1980s, seven four-plex structures were built near the shoreline. The buildings were to be sold as condominiums, but the sales never materialized. Bill Campbell owned a limited liability company, Alaska Wildlife Properties, L.L.C. ("AWP"), that purchased the property in 2000. Gregory Ellis loaned the LLC $234,246.00 on May 27, 2004.[1] Ellis also became a 50% member of the LLC. The loan was secured by a deed of trust and security agreement. The loan was payable in full within three months. AWP made no payments on the loan. Ellis sold the loan to Iliamna Lodge, LLC on September 3, 2009.[2]

AWP was involuntarily dissolved by the State of Alaska on April 16, 2007. AWP did not apply for reinstatement within the two year time limit set by the state.

---

[1] Docket No. 12, Exhibit 1.

[2] Docket No. 12, Exhibit 3.

1

Campbell signed a quit-claim deed to the debtor from AWP on May 21, 2010. Mr. Ellis did not authorize the transfer and Campbell only had authority to wind up the company's affairs.[3] The debtor filed for Chapter 11 relief on May 25, 2010,[4] just a few days before a scheduled foreclosure sale on May 27, 2010. The debtor scheduled the value of its Iliamna real property at $1.9 million. Iliamna Lodge filed for relief from stay on June 4, 2010.[5] The debtor filed a motion for sale on June 9th, 2010.[6]

Iliamna Lodge seeks relief from stay for cause under two theories: (1) that the creation of a new debtor led to a bad faith Chapter 11 filing; and (2) that the property is uninsured and the creditor's interest in the property is inadequately protected. It is important to keep the nature of stay litigation in perspective. As noted by the Ninth Circuit:

> Stay litigation is limited to issues of the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization. Hearings on relief from the automatic stay are thus handled in a summary fashion. The validity of the claim or contract underlying the claim is not litigated during the hearing.[7]

The First Circuit has stated:

---

[3] AS 10.50.420(a).

[4] Docket No. 1.

[5] Docket No. 12.

[6] Docket No. 21.

[7] *Sun Valley Ranches, Inc. v. The Equitable Life Insurance Soc'y (In re Sun Valley Ranches, Inc.)*, 823 F.2d 1373, 1376 (9th Cir. 1987).

> As a matter of law, the only issue properly and necessarily before a bankruptcy court during relief from stay proceedings is whether the movant creditor has a colorable claim; thus, a decision to lift the stay is not an adjudication of the validity or avoidability of the claim, but only a determination that the creditor's claim is sufficiently plausible to allow its prosecution elsewhere.[8]

The Seventh Circuit is consistent with the Ninth and First Circuits. It stated:

> As the bankruptcy court correctly stated, a hearing on a motion to lift the automatic stay under § 362(d) is limited in scope. Questions of the validity of liens are not generally at issue in a § 362 hearing, but only whether there is a *colorable* claim of a lien on property of the estate. . . . . [T]he only issues necessarily decided at the § 362 hearing were whether the Bank had a colorable claim of a lien and whether the amount of that lien exceeded the value of the property.[9]

Iliamna Lodge argues that the debtor made a bad faith filing in this case through the creation of a new debtor days before filing a Chapter 11 petition. The debtor disagrees. I find Iliamna Lodge's argument persuasive, based on *Laguna Associates Limited Partnership v. Aetna Casualty & Surety.*[10] There relief from stay was granted to a creditor under similar circumstances. In *Laguna,* there was a flawed attempt to transfer the

---

[8] *Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26, 34 (1st. Cir. 1994).

[9] *In the matter of Vitreous Steel Prod. Co.,* 911 F.2d 1223, 1234 (7th Cir. 1990)(citations omitted, emphasis in original).

[10] *( In re Laguna Associates Limited Partnership)* 30 F.3d 734 (6th Cir. 1994).

encumbered property to a new entity held and owned by the same parties.[11]  Here Bill Campbell signed a quit-claim deed from an entity that had been involuntarily dissolved to the debtor.  Although Ellis had a 50% interest in AWP, Campbell controls the debtor as he controlled the defunct AWP.  In *Laguna* the transfer was to an asset-less debtor created solely for the purpose of holding the property and isolating it from the transferor.[12]  Here the property was transferred to an asset-less debtor formed solely to hold the property and isolate it from AWP.  The *Laguna* property could not support its expenses and the required debt payments.[13]  The Iliamna property cannot support its expenses and the required debt payments.  Bankruptcy was filed in close proximity to the transfers in both cases.[14]  The day to day management did not change in either of the cases, regardless of the transfer.[15]  No consideration was paid for the transfer in either case.[16]  *Laguna* strongly supports Iliamna Lodge's motion for relief from stay.

Iliamna Lodge also seeks relief from stay on the grounds that it is inadequately protected due to the debtor's failure to obtain casualty insurance on the property.  11 U.S.C. § 362(d)(1) provides for relief from stay for cause "including the lack of adequate protection

---

[11] *Laguna Associates Limited Partnership v. Aetna Casualty & Surety Co., (In re Laguna Associates Limited Partnership),* 30 F.3d at 736.

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

of an interest in property." A debtor who does not have secured real estate adequately insured against fire and other potential loss is not entitled to the protection of the automatic stay.[17] The debtor seeks to avoid buying fire and casualty insurance because the insurance is expensive for bush properties. That is not grounds for avoiding the responsibilities of adequate protection. Iliamna Lodge is entitled to relief from stay because it's interest in the property is not adequately protected.

The debtor's defense to the relief from stay issues raised by Iliamna Lodge has been to vigorously assert state law defenses to Iliamna Lodge's claim. As the Ninth circuit and other courts have noted, the validity of the underlying claim or contract is not the proper focus of relief from stay litigation. Even if this procedural defect were overlooked, however, the arguments advanced by the debtor are not persuasive.

The debtor's primary contention alleges that Iliamna Lodge's claim is barred by the statute of limitations. It is true that the statute of limitations for contracts in Alaska is three years, "except as provided in AS 09.10.040, or as otherwise provided by law, or, except if the provisions of this section are waived by contract."[18] Here the note was payable in full on September 1, 2004, more than three years prior to the filing. Section 9.8 of the deed of trust is entitled "<u>Waiver of Statute of Limitations</u>" and states:

> To the full extent Borrower may do so, Borrower hereby waives the right to assert any statute of

---

[17] *In re Ausherman,* 34 B.R. 393, 394 (Bankr. N.D. Ill. 1983).

[18] AS 09.10.053.

> limitations as a defense to the enforcement of the lien of this Deed of Trust or to any action brought to enforce the Note or any other obligation secured by this Deed of Trust.[19]

Despite the fact that a duly enacted statute clearly allows the three year limitation of 09.10.053 to be waived by contract, the debtor contends that such a waiver should be void and unenforceable as against public policy, citing *Haggerty v. Williams,*[20] a 2004 decision of the Appellate Court of Connecticut. Connecticut General Statute § 52-576[21], the statute at issue in *Haggerty,* does not contain an exception for waiver of the statute of limitations by contract, however. It is inapplicable to the facts of this case. The contractual waiver of the statute of limitations should be valid in Alaska. The creditor's claim is not time-barred.

   The debtor argues that Iliamna Lodge cannot foreclose because Ellis was prohibited from foreclosing. "[H]e (Ellis) may not take any action for his personal benefit at the expense of the creditor body."[22] The debtor has no authority for this contention. I reject the allegation.

   The debtor contends that the note does not bear interest at the default rate of 18% per annum. The note clearly provides that upon default the "entire principal balance

---

[19] Docket No. 12, Exhibit 2.

[20] 855 A. 2d 264, 268-269 (Conn. App. 2004).

[21] § 52-576(a) provides as follows: "No action for an account, or on any simple or implied contract, or any contract in writing, shall be brought but within six years after the right of action accrues, except as provided in subsection (b) of this section." Subsection (b) adds three years to the statute for any person legally incapable of bringing such action, when they become capable.

[22] Docket No. 26, p. 6.

hereof and all accrued interest shall, at the option of the Lender, without notice, bear interest at a rate from time to time equal to eighteen percent (18%) . . . ."[23] The note provides for 18% interest and allows the creditor to compound interest upon default.

      Iliamna Lodge has a colorable secured claim in excess of $700,000.00 against the debtor's real property. The transfer of the real property to the debtor just prior to the Chapter 11 filing was contrary to Alaska law and made in bad faith. Additionally, the debtor does not have the ability to furnish adequate protection for Iliamna Lodge's secured claim through the retention of proper fire and casualty insurance. Under such circumstances, Iliamna Lodge's motion for relief from stay must be granted.

      Because the motion for relief from stay has been granted, the debtor's motion for blanket authority to sell condominium units will be denied. Appropriate orders will be entered.

      DATED: July 9, 2010.

                                            BY THE COURT

                                            /s/ Donald MacDonald IV
                                           DONALD MacDONALD IV
                                           United States Bankruptcy Judge

Serve: C. Christianson, Esq.
       D. Bundy, Esq.
       M. Melchert, Esq.
       U. S. Trustee

      0709/10

---

[23] Docket No. 12, Exhibit 1, para. 5(b).